AGARD & KAIAMA, LLC
KEONI K. AGARD        #2649
DEXTER K. KAIAMA    #4249
Harbor Tower at Harbor Square
700 Richards St., Ste.805
Honolulu, Hawai'i  96813
Telephone: 545-2922

Attorneys for Plaintiffs
Jennifer Erin Pelayo and
Kevin Regatcho Nakano

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 02 2010

at _3_ o'clock and _10_ min. _P_ M.
SUE BEITIA, CLERK

## UNITED STATES DISTRICT COURT

for the

### DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| JENNIFER ERIN PELAYO and KEVIN REGATCHO NAKANO, | ) ) ) | CIVIL NO. C V 10 - 0 0 0 93 SOM LEK |
| Plaintiffs, | ) ) ) | COMPLAINT; DEMAND FOR TRIAL BY JURY; SUMMONS |
| vs. | ) ) | |
| FIRST LINCOLN MORTGAGE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;  and DOES 1 through 20 inclusive, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

## COMPLAINT

**Parties**

1.     Plaintiff  JENNIFER ERIN PELAYO (hereinafter referred to as Plaintiff "PELAYO") is domiciled in the State of Hawai'i.

2.     Plaintiff KEVIN REGATCHO NAKANO (hereinafter referred to as Plaintiff "NAKANO") is domiciled in the state of Hawai'i.

3.     Upon information and belief, Defendant FIRST LINCOLN MORTGAGE (hereinafter referred to as Defendant "FLM", is a corporation with its principle place of business in the State of Iowa and is doing business in the State of Hawai'i.

4.     Upon information and belief Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (hereinafter referred to as Defendant "MERS"), is a Delaware corporation doing business in the State of Hawai'i.

5.     DOE Defendants 1 through 20, inclusive, are various individuals, partnerships, associations, corporations, and other entities claiming any legal right, title, estate, lien or interest in the property, as described hereinbelow, adverse to interests of Plaintiffs JENNIFER ERIN PELAYO and KEVIN REGATCHO NAKANO (hereinafter collectively referred to as "PLAINTIFFS").  Plaintiffs will make a good faith effort to determine the true names and identities of these parties.  Plaintiffs reserve the right to amend this Complaint to add such parties as their true identities and capacities are ascertained through discovery or otherwise.

**Jurisdiction and Venue**

6.     Jurisdiction arises under 28 U.S.C. Sec. 1331, 15 U.S.C. 1601 et.seq., 15 U.S.C. 1602, 15 U.S.C. 1605, 15 U.S.C. 1635, 15 U.S.C. 1639, 15 U.S.C. 1640, Title 12, Regulation Z, Part 226 et.seq., Title 24 C.F.R., Regulation X, Part 3500.  This court also has jurisdiction to hear pendent State law claims and Common law claims.  Venue is proper because the real property that is the subject of this Complaint is located in Hawai'i.

**General Background**

8.     This is an action to permanently enjoin Defendants FLM, MERS and/or DOE DEFENDANTS from foreclosing and conducting a foreclosure auction sale of certain real property designated as TMK (3) 1-06-062-112, Land Court Document No. 3669130, TCT No. 745,992 and located at 16-1097 40TH Avenue, Keaau, Hawai'i, 96749 (hereinafter "Subject Property").  The purported Mortgages and Notes for the Property and the actions taken by Defendants FLM, MERS and/or DOE Defendants named herein contain unfair trade practices and predatory lending practices.

9.     PLAINTIFFS also bring this action for recoupment or set-off claim against Defendants FLM, MERS and/or DOE DEFENDANTS.

10.     PLAINTIFFS also seeks recovery for statutory damages for failure to make required disclosures, including but not limited to non-disclosure of PLAINTIFFS' right to

cancel, non-disclosure of certain Truth in Lending disclosures and Federal violations of numerous consumer rights, together with attorney fees and costs.

11.     On or about October 16, 2007 Defendants FLM, MERS and/or DOE DEFENDANTS purported to record a Mortgage and Note, with PLAINTIFFS designated as the Borrower, under purported loan number XXXXXXXXXX (hereinafter referred to as Mortgage and Note").

12.     Upon information and belief, Defendants FLM, MERS and/or DOE DEFENDANTS conducted a fraudulent scheme designed and intended to conceal PLAINTIFFS' cause(s) of action(s) and engaged in fraudulent conduct designed and intended to conceal TILA violations as set forth herein.  The fraudulent concealment conduct of said Defendants entitles PLAINTIFFS to assert and/or invoke the principals of equitable tolling to statute of limitations constraints under TILA.

13.     Either before, during and/or after execution of said mortgage(s) and note(s), completion of the transaction, closing of escrow and/or recording of said Mortgage(s) and Note(s), Defendants FLM, MERS and/or DOE DEFENDANTS failed and/or refused to provide PLAINTIFFS with executed copies of important documents which would explain their consumer rights, as well as other rights, including but not limited to, the right to cancel the contract, and disclosures required under the Federal Truth in Lending "TILA", and the Real Estate Settlement Procedures Act "RESPA".

14.     Defendants FLM, MERS and/or DOE DEFENDANTS negligently and/or intentionally failed and/or refused to provide disclosures that would indicate to PLAINTIFFS that the contract entered into was void, illegal and/or otherwise in violation of Federal Law.

15.     Defendants FLM, MERS and/or DOE DEFENDANTS negligently and/or intentionally failed and/or refused to provide disclosures that would indicate to PLAINTIFFS that there were excessive loan, closing, broker fees and other mortgage and note charges in violation of federal law.

16.     Defendants FLM, MERS and/or DOE DEFENDANTS negligently and/or intentionally failed and/or refused to provide disclosures that would indicate to PLAINTIFFS that said Defendants failed to adequately underwrite this loan in violation of federal law.

17.     Defendants FLM, MERS and/or DOE DEFENDANTS were under a legal obligation as a fiduciary and had the responsibility of overseeing the purported loan

consummation and to make sure that PLAINTIFFS received all documentation and all required disclosures were made, before and after the purported consumer transaction.

18.    Defendants FLM, MERS and/or DOE DEFENDANTS intentionally and/or deliberately withheld information and/or made untrue or misleading representations regarding the costs of the mortgage loans for the Property.

19.    Defendants FLM, MERS and/or DOE DEFENDANTS viewed PLAINTIFFS as nothing more than the means for producing more loans, originating loans with little or no regard to PLAINTIFFS' long-term ability to afford said loan and to sustain ownership.

20.    Defendants FLM, MERS and/or DOE DEFENDANTS negligently and/or intentionally eased its underwriting criteria and disregarded the minimal underwriting criteria. By doing so, said Defendants increased the risk that PLAINTIFFS would lose their home.

21.    Defendants FLM, MERS and/or DOE DEFENDANTS implemented this deceptive scheme through misleading marketing practices designed to sell risky and costly loans to homeowners, the terms and dangers of which PLANTIFFS did not understand.

22.    Defendants FLM, MERS and/or DOE DEFENDANTS knowingly put PLAINTIFFS into a loan that he could not afford thereby violating federal and state prohibitions against predatory lending practices.

23.    Defendants FLM, MERS and/or DOE DEFENDANTS may purport to have an interest in the Subject Property.  However, any said Defendant without possession of the original Note and Mortgage has no standing and no authority to enforce provisions of the Mortgages and Notes against PLAINTIFFS and the Subject Property.  Alternatively, Defendants FLM, MERS and/or DOE DEFENDANTS cannot prove their interest in the subject property and therefore lack standing to enforce provisions of the Mortgages and Notes against PLAINTIFFS.

24.    Violations of federal and state statutes, alleged herein, bar Defendants GMAC, CFSB, IMS, OWB and/or DOE DEFENDANTS, from filing, causing to be filed and/or conducting foreclosure proceedings against HEE and the Subject Property.  HEE is entitled to an immediate injunction on any said foreclosure and/or subsequent ejectment proceeding.

## COUNT 1 – UNFAIR TRADE PRACTICES INVOLVING NON COMPLIANCE, UNDER 15 USC SECTIONS 1602, ET.SEQ.

25.    The facts made above in paragraphs 1 through 24 above are hereby realleged as

though fully set out and incorporated by reference herein.

26.    Full disclosure of the Mortgage and Note and related documents were not given to PLAINTIFFS by Defendants FLM, MERS and/or DOE DEFENDANTS, at or after closing and/or completion of the Mortgage and Note transactions had taken place, and/or after PLAINTIFFS are purported to have signed the Mortgage and Note documents.

27.    The above-mentioned failure to disclose, by said Defendants, constitutes a false representation of the settlement agreement of said Mortgage and Note, in violation of Federal and State laws of the State of Hawai'i.

28.    As a direct, proximate and foreseeable result of Defendants FLM, MERS and/or DOE DEFENDANTS' actions, PLAINTIFFS are subjected to the potential and/or actual loss of property and loss of use of property and other damages.

## COUNT 2 – FAILURE TO OBTAIN SIGNED LOAN DOCUMENTS IN VIOLATION OF 15 U.S.C. SEC.1601, ET.SEQ. AND TITLE 12, REGULATION Z PART 226 E.SEQ.

29.    The facts above in paragraphs 1 through 28 are hereby realleged as though fully set out and incorporated by reference herein.

30.    Defendants FLM, MERS and/or DOE DEFENDANTS failed to give the required notice in various loan documents and to have said documents signed by PLAINTIFFS, as required by 15 U.S.C. 1601 et.seq. and Title 12, Regulation Z, Part 226 et.seq.

31.    PLAINTIFFS are specifically in the class of persons this law was designed to protect.

32.    As a direct, proximate and foreseeable result of Defendants FLM, MERS and/or DOE DEFENDANTS failure to provide proper notice, PLAINTIFFS are subject to the potential and/or actual loss of property and loss of use of property and other damages.

## COUNT 3 - FAILURE TO GIVE CONSPICUOUS WRITINGS IN VIOLATION OF 15 U.S.C SEC.1601, ET.SEQ. AND TITLE 12 OF FEDERAL REGULATIONS, SEC.226.18

33.    HEE realleged and incorporates paragraph 1 through 32 of this Complaint as thought fully set out herein.

34.    By reason of the foregoing, Defendants FLM, MERS and/or DOE DEFENDANTS has failed to make the disclosures required by 15 U.S.C. 1601 et seq. and Title 2 Code of Federal Regulations, Sec.226.18.

35.    PLAINTIFFS are specifically in the class of persons this law was designed to protect.

36.    As a direct, proximate and foreseeable result of Defendants FLM, MERS and/or DOE DEFENDANTS' failure to provide proper disclosures, PLAINTIFFS are subject to the potential and/or actual loss of property, loss of use of property and other damages.

**COUNT 4 – FAILURE TO GIVE 3 DAY COOLING PERIOD IN VIOLATION OF 15 U.S.C. SEC. 1601, ET. SEQ., AND REGULATIONS Z**

37.    PLAINTIFFS reallege and incorporate paragraphs 1 through 38 of this Complaint as thought fully set out herein.

38.    Defendants FLM, MERS and/or DOE DEFENDANTS failed to give PLAINTIFFS the required 3 day cooling off period as required under Regulation Z and 15 U.S.C 1601 et. Seq.

39.    PLAINTIFFS are specifically in the class of persons this law was designed to protect.

40.    As a direct, proximate and foreseeable result of Defendants FLM, MERS and/or DOE DEFENDANTS' failure to provide proper disclosure, PLAINTIFFS are subject to the potential and/or actual loss of property, loss of use of property and other damages.

**COUNT 5 - FRAUD**

41.    PLAINTIFFS reallege and incorporate paragraphs 1 through 40 of this Complaint as though fully set out herein.

42.    Defendants or one or more of them had duties to make full, complete and timely disclosures to PLAINTIFFS and to not make any misrepresentations of material facts and/or otherwise fail to disclose or omit from informing PLAINTIFFS of various material facts.

43.    Defendants or one or more of them breached their duties by, including but not

limited to, misrepresenting PLAINTIFFS' financial ability to qualify and/or complete their obligation the Mortgage and Note, failure to properly verify PLAINTIFFS' and properly qualify PLAINTIFFS for the loans, properly disclose terms of the loans, properly disclose the true amounts of interest(s) PLAINTIFFS would have to pay over the life of the loan, that property values were declining and would continue to do so in the foreseeable future, that PLAINTIFFS would exhaust their savings and then not be able to pay their loan, that PLAINTIFFS had a high likelihood of defaulting on the note, that there would not be equity in the Subject Property when PLAINTIFFS sought to refinance his mortgages and notes, that PLAINTIFFS would otherwise not be able to qualify to refinance their loans or that said Defendants intended to make as much money from PLAINTIFFS through broker fees and commissions, interest payments and sale of his notes and mortgages or portions thereof before PLAINTIFFS defaulted.

44.     Defendants or one or more of them made these misrepresentations of material fact and/or failed to disclose material facts intentionally and/or with reckless disregard to t he truth or falsity of the statements and/or omissions of material facts.

45.     PLAINTIFFS reasonably relied on the statements and/or omissions of material facts by Defendants or one or more of them, which statements were false, and which were made or omitted intentionally and/or recklessly.

46.     The wrongful acts and/or omissions of Defendants or one or more of them were a substantial factor and/or proximate cause of PLAINTIFFS suffering various injuries and damages.

47.     As a result of the wrongful acts of Defendants or one or more of them, PLAINTIFFS are entitled to various remedies including, but not limited to rescission, reimbursement, equitable recoupment, indemnification, statutory, actual and punitive damages and injunctive relief.

## COUNT 6 - MISTAKE

48.     PLAINTIFFS reallege and incorporate paragraphs 1 through 47 of this Complaint as though fully set out herein.

49.     If the above mentioned wrongful acts and/or omissions of Defendants or one or more of them were not fraudulent misrepresentations and/or omissions of material fact, then the

transaction was entered into based upon mutual mistake which entitles PLAINTIFFS to rescission of the notes and mortgages and/or reimbursement of all monies paid, together with damages in such amounts as shall be proven at time of trial.

## COUNT 7 – UNCONSCIONABILITY

50.    PLAINTIFFS reallege and incorporate paragraphs 1 through 49 of this Complaint as though fully set out herein.

51.    PLAINTIFFS placed their trust and confidence in Defendants or one or more of them to make proper and timely disclosures, not misrepresent his income and properly qualify him for his mortgages and loans, among other things.

52.    PLAINTIFFS did not understand the loan transaction, or he true terms of his notes and mortgages, and these transactions were not fully and timely explained to him by Defendants or one or more of them, who held superior knowledge of the loan transactions and therefore superior bargaining power over PLAINTIFFS.

53.    That Defendants or one or more of them exploited their superior knowledge and bargaining power to PLAINTIFFS' great detriment by selling PLAINTIFFS a note and mortgage that they could not afford and would not have entered into but for Defendants or one or more of them exploitation of their superior knowledge and bargaining position and making misrepresentations and/or omissions of material facts to PLAINTIFFS.

54.    As a result of the above, the terms and conditions of the notes and mortgages are unconscionable, and PLAINTIFFS are entitled to rescission of the notes and mortgages and/or reimbursement of all monies PLAINTIFFS paid and damages in such amount as shall be proven at the time of trial.

## COUNT 8 - UNFAIR AND DECEPTIVE ACTS AND PRACTICES IN VIOLATION OF CHAPTER 480, HAWAII REVISED STATUTES

55.    PLAINTIFFS reallege and incorporate paragraphs 1 through 54 of this Complaint as though fully set out herein.

56.    PLAINTIFFS are consumers within the meaning of Chapter 480, Hawaii Revised

Statutes.

57.    PLAINTIFFS are specifically in the class of persons that this law was designed to protect.

58.    Actions and conduct of Defendants FLM, MERS and/or DOE DEFENDANTS' as it relates to PLAINTIFFS and the subject Property are deceptive acts and practices and unfair methods of competition in the conduct of trade and/or commerce actionable under Sec.480-2, 480-13.

59.    As a direct, proximate and foreseeable result of Defendants FLM, MERS and/or DOE DEFENDANTS' actions, they are in violation of HRS 480-2 and in addition, HRS 480-13.

60.    The wrongful acts and/or omissions of Defendants or one or more of them were a substantial factor and/or proximate cause of PLAINTIFFS suffering various injuries and damages.

61.    As a result of the wrongful acts and/or omissions of Defendants or one or more of them, PLAINTIFFS are entitled to various remedies including, but not limited to, equitable recoupment, reimbursement, indemnification, statutory, actual and treble damages, attorney's fees and costs and injunctive relief.

## COUNT 9 - UNFAIR AND DECEPTIVE ACTS AND PRACTICES

62.    PLAINTIFFS reallege and incorporate paragraphs 1 through 61of this Complaint as though fully set out herein.

63.    The aforementioned wrongful acts and/or omissions of Defendants or one or more of them constitute unfair and deceptive acts and practices in the conduct of business in violation of federal (15 USC Sec. 1802 et seq.) laws.

64.    The wrongful acts and/or omissions of Defendants or one or more of them were a substantial factor and/or proximate cause of PLAINTIFFS suffering various injuries and damages.

65.    As a result of the wrongful acts and/or omissions of Defendants or one or more of them, PLAINTIFFS are entitled to various remedies including, but not limited to, rescission, equitable recoupment, reimbursement, indemnification, statutory, actual and treble damages, attorney's fees and costs and injunctive relief.

**COUNT 10 - INJUNCTIVE RELIEF**

66.     PLAINTIFFS reallege and incorporate paragraphs 1 through 67 of this Complaint as though fully set out herein.

67.     PLAINTIFFS seek injunctive relief, preventing Defendants FLM, MERS and/or DOE DEFENDANTS from invoking, bringing and/or carrying through with any foreclosure and sale of the Subject Property against PLAINTIFFS and entitling PLAINTIFFS to the issuance of an injunction against said Defendants from participating in the transfer of title to the Subject Property and the award of actual damages, including attorney's fees and costs.

**COUNT 11 – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

68.     PLAINTIFFS reallege and incorporate paragraphs 1 through 67 of this Complaint as though fully set out herein.

69.     Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement in which no party will do anything that will have the effect of impairing, destroying or injuring the rights of the other party.  As such, the terms of the Note and Mortgage imposed upon Defendants FLM, MERS and/or DOE DEFENDANTS creates a duty of good faith and fair dealing in this matter.  Furthermore, Hawai'i State statute mandates good faith and fair dealing in commercial transactions such as the Mortgage and Note transaction between PLAINTIFFS and said Defendants.

70.     Defendants FLM, MERS and/or DOE DEFENDANTS willfully breached their implied covenant of good faith and fair dealing by conduct designed and intended to withhold numerous disclosures, by willfully disregarding minimum underwriting standards to approve the subject loan and by willfully placing PLAINTIFFS in a loan that they did not qualify for, and could not afford.

71.     As a direct, proximate and foreseeable result of these breaches, said Defendants have caused the threat of loss of PLAINTIFFS' home, and injuries to PLAINTIFFS and PLAINTIFFS have incurred and continues to incur legal fees as well as expenses to right this

wrong.  Defendants FLM, MERS and/or DOE DEFENDANTS' action in this matter have been willful, knowing, malicious, fraudulent and oppressive entitling HEE to actual damages and also punitive damages in an amount appropriate to punish said Defendants and deter others from engaging in the same behavior.

## COUNT 12 – EQUITABLE ESTOPPEL

72.     PLANTIFFS reallege and incorporate paragraphs 1 through 71 of this Complaint as though fully set out herein.

73.     By virtue of their conduct, and in order to prevent injustices from occurring, the doctrine and/or principals of equitable estoppel applies and prevents Defendants FLM, MERS and/or DOE DEFENDANTS from asserting claims and defenses against PLAINTIFFS and/or from preventing PLAINTIFFS from asserting claims and defenses against said Defendants relating to the Mortgage and Note and/or Subject Property.

## COUNT 13 – NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

74.     PLAINTIFFS reallege and incorporate paragraphs 1 through 73 of this Complaint as though fully set out herein.

75.     Defendants FLM, MERS and/or DOE DEFENDANTS' willful conduct as previously described in this Complaint were known to said Defendants to be likely to produce emotional distress to PLAINTIFFS, and each of them, and it did in fact produce emotional distress in PLAINTIFFS, and each of them.  As a direct and proximate result of said Defendants' unlawful conduct PLAINTIFFS have suffered emotional distress and emotional damages in an amount to be proven at trial.  The Defendants' conduct as previously described was outrageous, wholly without legal or factual justification, was malicious and wanton, and thus entitles PLAINTIFFS to recover actual and punitive damages as previously described.

## COUNT 14 – RECOUPMENT

76.     PLAINTIFFS reallege and incorporate paragraphs 1 through 75 of this Complaint

as though fully set out herein.

77.    As a result of the wrongful acts and/or omissions made by Defendants or one or more of them, PLAINTIFFS are entitled to equitable recoupment of all monies paid by each of them with regard to the subject loan transactions, including any downpayment, broker's fees paid, closing costs, all other fees, costs and expenses, interest and principal payments that were made, and the loss of the value of his investment in the Subject Property.

## COUNT 15 – UNJUST ENRICHMENT

78.    PLAINTIFFS reallege and incorporate paragraphs 1 through 77 of this Complaint as though fully set out herein.

79.    As a result of the wrongful acts and/or omissions made by Defendants or one or more of them, Defendants have been unjustly enriched and should be required to reimburse, indemnify, or otherwise pay PLAINTIFFS damages in such amounts as shall be proven at the time of trial.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFFS demand Judgment against all Defendants, jointly and severally, as follows:**

a.    For a judgment of Rescission.

b.    For a judgment awarding statutory damages in an amount as will be shown at time of trial.

c.    For a judgment awarding actual damages in such amounts as shall be proven at time of trial.

d.    For a judgment awarding treble damages.

e.    For a judgment awarding punitive damages in such amounts as shall be proven at trial.

f.    For a Temporary Restraining Order or Order for Injunctive Relief.

g.    For a judgment of recoupment, reimbursement and/or indemnification is such

amounts as shall be proven at the time of trial.

h.     For a judgment awarding costs and attorney's fees.

i.     For such other and further relief as the court deems just and equitable in the premises.

DATED:  Honolulu, Hawai'i, March 2, 2010.

Keoni K. Agard
Dexter K. Kaiama
Attorneys for Plaintiffs

13